Throughout the sum to be paid is spoken of as a "death" benefit, never as a "funeral" benefit, and in this regard the case differs essentially from those relied upon by the appellant. Fanton v. Coachman's Ben. Union, 13 Misc. Rep. 245, 34 N. Y. Supp. 162; Hughes v. Horseshoers' Union 29 Misc. Rep. 327, 60 N. Y. Supp. 526. The circumstance that the father paid the funeral expenses is not, therefore, controlling as to his right to receive the death benefit.

It appears that the deceased had been married to plaintiff only a very short time before his death, and that neither the father nor the union knew of his marriage. Soon after the death, and well within the time fixed by the by-laws for the presentation of claims, the father claimed and was paid the $100. Shortly afterwards, and likewise within the time fixed for presenting claims, the plaintiff claimed the benefit. Although the union had no knowledge or reason to know that the deceased was married, still it is undeniable that it assumed some risk in paying any one before the full time for the presentation of claims had expired; and if it has to pay the money, or some part of it, over again it will be because it took that risk. The by-law is not technical in its description of the persons to whom this death benefit shall be paid. In one place it speaks of "survivors," and later on describes them as "heirs." It is manifest that the word "heirs" is not used in its strict legal sense, which would be quite inappropriate as descriptive of the persons to receive such a benefit. In a similar case in the Fourth Department it was held that a like designation should be held to indicate those persons to whom personal property of the deceased would go in case of intestacy, and that as among them the fund should be distributed in accordance with the statute regulating the distribution of the personal estate of an intestate; and substantially the same rule has been applied by the Court of Appeals. Walsh v. Walsh, 20 N. Y. Supp. 933, 66 Hun, 297; Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. In our opinion that rule should be applied in the present case. So far as appears, the deceased left a widow and a father. It is not suggested that he left any children. The most, therefore, that the plaintiff was entitled to collect from the union was one-half of the benefit. Code Civ. Proc. § 2732.

The judgment must therefore be reduced by $50, which the father was entitled to in any event, and, as so modified, it will be affirmed, without costs to either party. All concur.

---

NATIONAL DRILL & MFG. CO. v. MAHER.

(Supreme Court, Appellate Term. February 27, 1906.)

EVIDENCE—PAROL EVIDENCE—CONTRACT OF SALE.

Instruments in the form of notes containing an agreement that the title of the goods for which the notes were given and the right of possession should not pass from the payee until the notes were paid, were not complete contracts of sale such as to exclude parol evidence that a warranty attended the sale of the goods.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1878–1889.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the National Drill & Manufacturing Company against Michael Maher. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

William F. Clare, for appellant.

Wilber, Hart, Norman & Kahn, for respondent.

SCOTT, P. J. This is an action upon two instruments in the form of promissory notes, which contain in the body an agreement that the title of the goods, for which the note was given, and the right of possession should not pass from the payee until the notes were paid. The notes are dated in this state, and the complaint alleges that the plaintiff is a foreign corporation, and has "duly complied with all the requirements of the corporation law of the state of New York." This averment is put in issue by a denial in the answer. The defendant by a separate defense sets up a breach of warranty, and also counterclaims for damages for such breach of warranty. On the trial the counterclaim was withdrawn. The defendant attempted to prove that a warranty attended the sale of the chattels, but was not permitted to offer any evidence on this subject; the court apparently considering that to admit such evidence would be violative of the general rule that parol evidence may not be adduced to vary the terms of a written instrument.

This view was erroneous. The papers sued upon were not complete contracts of sale, and did not purport to be such. The rule is perfectly well settled that when a written instrument does not purport to express the whole contract between the parties, but only one part or side thereof, parol evidence may be received to supply those terms of the contract not embraced in the writing; and this rule has frequently been applied to permit parol proof of a verbal warranty, where some of the terms of sale have been reduced to written form.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.